ARTHUR F. ENGEL, Appellant, *v.* ANSCO PHOTOPRODUCTS, INC., Respondent.

Second Department, March 14, 1930.

242

*Arthur F. Engel,* appellant in person.

*Thomas McErlean,* for the respondent.

PER CURIAM. The record fails to disclose evidence sufficient to show that plaintiff's invention for preventing double exposure of film was not patentable. This invention was separate and distinct from plaintiff's camera and could be used on other cameras. As to this, at least, defendant was obliged, under the contract, to prosecute an application for letters patent within a reasonable time after the contract was made. This it failed to do, and we are of the opinion that defendant must be held to be in default in this respect as a matter of law. This being so, defendant had no right to cancel the contract. We are further of the opinion that sections 1450 and 1466 of the Education Law (as added by Laws of 1927, chap. 85) are not applicable to plaintiff's employment. We also think that there is no merit in defendant's contention that it was not obligated to make the payments provided in clause 7 of the contract until manufacture. The contract, by clause 8, provided for the first payment of royalties to be made at the time the contract was executed and this payment was made, and discloses the true intention of the contract in this respect.

The judgment should be reversed upon the law and the facts, with costs to appellant, the action severed and judgment directed in favor of plaintiff upon his second cause of action for $10,000, with costs. A new trial should be granted as to the first cause of action because the question of the amount of plaintiff's damage must be decided by a jury. (*Howard* v. *Daly,* 61 N. Y. 362; *Milage* v. *Woodward,* 186 id. 252; *Ware Bros. Co.* v. *Cortland C. & C. Co.,* 192 id. 442.) A new trial should be granted as to the third cause of action because plaintiff is not entitled to judgment pursuant to the stipulation until he has recovered judgment under both the first and second causes of action.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur; KAPPER, J., dissents from the direction of judgment, being of opinion that the annual payments of $5,000 each were dependent

upon the patentability of the plaintiff's so-called inventions and that the question of patentability was one of fact; and that the contract in its entirety discloses such to have been the intention of the parties or to present a question of fact in that respect.

Judgment reversed upon the law and the facts, with costs to appellant, and this court orders that the action be severed and directs judgment in favor of plaintiff upon his second cause of action for $10,000, with costs. Upon plaintiff's first cause of action, a new trial is granted upon the question of plaintiff's damage only, with costs to appellant to abide the event. A new trial is granted as to the third cause of action to enable the trial court to make a proper disposition thereof pursuant to the stipulation.